IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GENERAL PARKER,                              )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     )        No. 13 C 722
                                             )
SCHECK MECHANICAL, CORP.,                    )
                                             )
            Defendant.                       )

MEMORANDUM OPINION AND ORDER DENYING APPLICATION
FOR LEAVE TO PROCEED IN FORMA PAUPERIS

JAMES F. HOLDERMAN, Chief Judge:

On January 29, 2013, plaintiff General Parker ("Parker") submitted to this court a four-

count complaint against defendant Scheck Mechanical Corp. ("Scheck"), Parker's former

employer, alleging discrimination on the basis of race and color in violation of Title VII of the

Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 ("§ 1981") and retaliation in

violation of § 1981.  (Dkt. No. 1.)  Along with the complaint, Parker submitted an "In Forma

Pauperis Application."  (Dkt. No. 3.)

Requests to proceed in forma pauperis ("IFP") are reviewed under 28 U.S.C. § 1915.  To

ensure that indigent litigants have meaningful access to the courts, § 1915 allows an indigent

litigant to commence an action in federal court without paying the administrative costs of the

lawsuit.  *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324

(1988).  The court must deny a request to proceed IFP if (1) the allegation of poverty is untrue;

(2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary

relief against an immune defendant.  28 U.S.C. § 1915(e)(2); *see also Hutchinson v. Spink*, 126

F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of § 1915 to cases brought by non-prisoners).

According to his complaint, Parker filed a charge with the EEOC on August 25, 2012, and received his right-to-sue letter on October 24, 2012. (Compl. ¶¶ 7.1(a)(i), 8(b).) From that date, Parker had 90 days in which to file his Title VII claim with the court. *See* 42 U.S.C. § 2000e-5(f)(1) ("within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge"). This ninety-day time limit "is not flexible, even for pro se litigants, and a one-day delay is fatal." *Davis v. Browner*, 113 F. Supp. 2d 1223, 1226 (N.D. Ill. 2000) (Alesia, J.). Parker submitted his complaint and IFP application with the court on January 29, 2013—ninety-seven (97) days after he received his right-to-sue letter.

Although the court is authorized to dismiss Parker's Title VII claim on the basis of its untimely filing, *see United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (affirming dismissal when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense"), in light of Parker's additional § 1981 claims in this lawsuit the court focuses the remainder of its analysis on Parker's financial circumstances.

Parker is a boilermaker by trade who works "on a job by job basis" as assigned by his union. (Compl. ¶¶ 2-3, 6-7.) Parker alleges in his complaint that he has been put on Scheck's "do not hire" list, that Scheck "is a major contractor in the area and responsible for a lot of work out of the local union," and, as a result of being "black list[ed]" by Scheck, Parker "has only worked a total of three weeks since March 22, 2012." (*Id.* ¶¶ 52-53, 60.) According to his financial affidavit, Parker's last job assignment was from October 2-12, 2012, for which he was paid $3,000. (Fin. Aff. ¶ 2.b.) Parker reports that he earned $22,000 in additional salary over the last twelve months, and that he also received $25,900 in unspecified public assistance. (*Id.* ¶¶

2.b., 4.a., 4.f.) Parker's ex-wife, who lives with him, owns a car worth $9,000, although Parker alleges in his complaint that he "has lost his transportation." (*Id.* ¶ 8; Compl. ¶ 61.) Parker pays $625 per month to support his dependent, Loys Parker. (*Id.* ¶ 11.) It appears from Parker's financial affidavit that neither he nor his ex-wife has any other reportable assets.

Assuming for purposes of this analysis that Parker's $22,000 in additional salary comes from work that Parker performed from January–March, 2012, before he was "blacklisted" by Scheck, Parker still earned or received $28,900 in other income or benefits over the last twelve months. Deducting $7,500 for support of his dependent leaves Parker with $21,400 in income over the last twelve months, approximately $1,783 per month.

Based on these sworn allegations, the court finds that Parker is not indigent and can afford the $350 filing fee in this case. Parker's request for leave to proceed in forma pauperis is therefore denied. Parker is given until 2/25/13 to pay the full $350 filing fee. Failure to comply with this deadline will result in summary dismissal of this case.

ENTER:

_James F. Holderman_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: February 4, 2013